<HTML>

<HEAD>

<TITLE>Matter of Attorneys in Violation of Judiciary Law §468-a (Merino) (2019 NY Slip Op 09084)</TITLE>

<STYLE>

BODY {

font-family : "Times New Roman", Times, serif;

font-size : larger;

}

P {

line-height: 150%;

text-indent: 2em

}

</STYLE>

</HEAD>

<BODY bgcolor=#ffffff>

Matter of Attorneys in Violation of Judiciary Law 468-a (Merino)

2019 NY Slip Op 09084

Decided on December 19, 2019

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

<DateLine type="decided" mdy="12192019">Decided and Entered: December 19, 2019</DateLine>

PM-235-19

[*1]In the Matter of Attorneys in Violation of Judiciary Law §468-a. Committee on Professional Standards, Now Known as Attorney Grievance Committee for the Third Judicial Department, Petitioner; Fernando Quintana Merino, Respondent. (Attorney Registration No. 3871340.)

<DateLine type="prior_case_filed">Calendar Date: November 25, 2019</DateLine>

Before: Egan Jr., J.P., Lynch, Clark and Aarons, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.

Law Offices of Michael S. Ross, New York City (Michael S. Ross of counsel), for respondent.

Per Curiam.

Respondent was admitted to practice by this Court in 1996, and he is also admitted to practice in the Federative Republic of Brazil. He presently lists a business address in Washington, DC with the Office of Court Administration.

By August 2010 order, this Court suspended respondent from the practice of law in New York for conduct prejudicial to the administration of justice arising from his failure to file a registration statement with the Office of Court Administration prior to taking the constitutional oath of office in compliance with Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 (76 AD3d 744, 745 [2010]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). Thereafter, respondent, who had been practicing law in Brazil, did not duly register as an attorney in this state as required until October 2017. Upon his return to the United States, respondent joined an international law firm located in Washington, DC and he now moves, by motion returnable on the adjourned date of November 25, 2019, for his reinstatement. Both petitioner and the Lawyers' Fund for Client Protection advise that they defer to the discretion of the Court regarding the disposition of respondent's application.

All attorneys seeking reinstatement from suspension must establish, by clear and convincing evidence, (1) that he or she has complied with the order of suspension and the Rules of this

Court, (2) that he or she has the requisite character and fitness for the practice of law, and (3) that it would be in the public's interest to reinstate the attorney to practice in New York (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Katz], 166 AD3d 1469, 1470 [2018]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). An applicant for reinstatement must also provide, as a threshold matter, certain required documentation in support of his or her application (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; part 1240, appendix C).

Initially, given the length of his suspension, respondent properly submits a sworn affidavit in the form set forth in appendix C to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). Notably, Office of Court Administration records demonstrate that respondent is current with his biennial registration requirements (see Judiciary Law § 468-a; Rules of the Chief Admin of Cts [22 NYCRR] § 118.1). Respondent has also submitted the required documentation in support of his application, including proof that he successfully completed the Multistate Professional Responsibility Examination, as is required for all attorneys seeking reinstatement following suspensions of six months or more (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; compare Matter of Attorneys in Violation of Judiciary Law § 468-a [Castle], 161 AD3d 1443, 1444 [2018]). Moreover, having reviewed the submitted materials, respondent's affidavit and the documentation confirming that respondent's current employment in Washington, DC is in compliance with the order of suspension and the Rules of this Court, we find that respondent has the requisite character and fitness for practice of law and that it would be in the public's interest to reinstate him to the practice of law in New York (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Koschwitz], ___ AD3d ___, 107 NYS3d 728 [2019]). We therefore grant respondent's motion and reinstate him to the practice of law in New York, effective immediately.

Egan Jr., J.P., Lynch, Clark and Aarons, JJ., concur.

ORDERED that respondent's motion is granted; and it is further

ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York.

<FORM METHOD="LINK" ACTION="../../slipidx/aidxtable_3.shtml">

<INPUT TYPE="submit" VALUE="Return to Decision List">

</FORM>

</BODY>

</HTML>